# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**CAMERON MIKKAIL ANDERSON**  **PETITIONER**
**ADC #166210**

**v.**         **Case No. 5:19-cv-00056-DPM-JTK**

**DEXTER PAYNE,** *Director*,
**Arkansas Department of Correction**[1]         **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSTION

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge D.P. Marshall, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District

---

[1] Dexter Payne replaced Wendy Kelley as the prison director on or about July 26, 2019.

Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A 149
>  Little Rock, AR 72201-3325

**Introduction**

On February 6, 2019, Petitioner, Cameron Anderson, an inmate in the Arkansas Department of Correction (ADC), filed a protective habeas petition pursuant to 28 U.S.C. § 2254 challenging his state convictions. (Petition, Doc. No. 1) Thereafter on March 1, 2019, he filed the amended petition. (Amended Petition, Doc. No. 3) In it, Anderson claims (1) ineffective assistance of trial counsel and (2) unreasonable application of federal law by the state court in denying the motion to suppress evidence. (*Id.*)

Respondent filed a response to the amended petition on April 22, 2019. (Response, Doc. No. 10) He admits Anderson is in his custody but denies he is entitled to habeas corpus relief, submitting Petitioner admittedly concedes his first claim is procedurally defaulted and *Martinez*[2] does not apply, and the second claim is not cognizable in a federal petition for writ of habeas corpus. (*Id.*)

For the reasons outlined below, the undersigned recommends the petition be denied.

### Factual Background

On August 28, 2015, the State of Arkansas (Desha County) filed a felony information against Anderson and his cousin, Zain Jones, charging each with aggravated robbery, theft of property, attempted capital murder, and unlawful property use. (Response, Doc. No. 10-7, pp. 6-7) The State nolle prossed the unlawful-property-use charge, and the Court filed its order dismissing the charge on February 2, 2017. (*Id.* at p. 64)

The facts giving rise to this case are as follows. On August 21, 2015, a robbery of Sonic Drive-In occurred in Dumas, Arkansas. (Response, Doc. No. 10-8, p. 34) Petitioner and his cousin were identified as possible suspects. Criminal Investigator Charles "Chuck" Blevins of the Dumas Police Department testified that he arrived on the scene of the robbery to search a vehicle found in the area of the robbery. (Response, Doc. No. 10-8, p. 34) Police apprehended Zain Jones in that vehicle down the street from Sonic. (*Id.* at p. 35) Evidence collected from his vehicle included a pair of black Levi pants with

---

[2] *Martinez v. Ryan*, 566 U.S. 1 (2012).

Petitioner's identification in them and a couple of phones. (*Id.*) Police took Jones into custody.

According to Investigator Blevins, another individual, later identified as Petitioner, fired one round that hit an officer's police car. Officers determined Petitioner used a firearm during the Sonic robbery and was so armed when inside the restaurant. Officers found a .380 caliber shell casing in the approximate area where Petitioner fired at the officer and hit his vehicle. (Response, Doc. No. 10-8, pp. 34-36) Police did not apprehend Petitioner at that time. However, on August 23, 2015, the Monticello Police Department arrested Petitioner at the apartment of Tyrequs Davis and his brother Jarius McCraney. (Response, Doc. No. 10-12, pp. 76-79) Petitioner did not live there; Davis identified Petitioner as a friend of McCraney; and Davis testified he returned home late and did not know Petitioner was in the apartment. (*Id.*; Response, Doc. No. 10-8, pp. 78, 84) Officers arrived at the apartment, and Davis gave officers permission to search the apartment. They found Petitioner hiding in a closet under some clothing in McCraney's bedroom. (Response, Doc. No. 10-8, p. 94) Officers arrested Petitioner and took him to a patrol car. (*Id.* at pp. 95-97) A search yielded a firearm inside a dark-colored backpack located at the foot of the bed no farther than ten feet from the closet where Petitioner was located. (*Id.* at pp. 97-99)

**Procedural Background**

Following trial, a Desha County, Arkansas jury found Petitioner guilty of aggravated robbery, theft of property, and attempted capital murder. He is currently serving 720 months imprisonment in the ADC. Petitioner appealed his convictions to the

Arkansas Court of Appeals. On appeal, he challenged the denial of his pretrial motion to suppress evidence gained in the search of the Monticello, Arkansas apartment. The appellate court affirmed the trial court's denial of the motion on February 7, 2018. *Anderson v. State*, 2018 Ark. App. 92, at 1, 538 S.W.3d 279, 281. There is no evidence Petitioner sought review by the Arkansas Supreme Court, and he concedes he did not seek postconviction Rule 37 relief. Petitioner filed the instant 28 U.S.C. § 2254 petition for writ of habeas corpus on February 6, 2019.

## Discussion

I.    Ineffective Assistance of Counsel

Petitioner Anderson asserts first he was denied his right to effective assistance of trial counsel because his attorney failed to argue at the suppression hearing that the backpack found near him did not belong to him. Inside the backpack, officers found a handgun and papers with someone else's name on them. (Amended Petition, Doc. No. 3, p. 3) Petitioner concedes the claim is procedurally defaulted; however, he asserts the Court should excuse his default under *Martinez*. (*Id.*)

Petitioner was required to present this claim to the Arkansas courts in a Rule 37 petition. *Carrier v. State*, 278 Ark. 542, 543 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under Ark. R. Crim. P. Rule 37."). He admittedly failed to file a petition. The Arkansas Supreme Court has repeatedly held allegations of ineffective assistance of counsel are not cognizable in a habeas corpus proceeding and can only be pursued in a Rule 37 proceeding. *Culbertson v. State*, 2012 Ark. 112, at *3 (refusing to consider an inmate's petition for writ

of habeas corpus challenging trial counsel's effectiveness, holding habeas corpus is not a substitute for pursuing postconviction relief under Ark. R. Crim. P. 37.1); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam); *Willis v. Hobbs*, 2011 Ark. 312 (per curiam); *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Because Petitioner failed to file a Rule 37 petition to challenge the actions of his trial counsel, his claim is procedurally defaulted.

When a procedural default occurs, federal habeas review of the claim is barred unless the habeas petitioner can demonstrate "cause" for the default and "actual prejudice" because of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Because Petitioner never raised an ineffective-assistance-of-counsel claim and failed to file a Rule 37 petition, *Martinez* does not apply to his ineffective assistance claim. *See Willis v. Kelley*, Case No. 5:16-cv-05101, 2017 WL 906979, at *4 (W.D. Ark., Feb. 17, 2017), report and recommendation adopted by, 2017 WL 901899 (W.D. Ark., March 7, 2017) (because petitioner "did not file an initial post-conviction proceeding as required by Rule 37... there is no conduct of counsel, or an absence of counsel, in such a proceeding to consider as a cause."); *McCullough v. Kelley*, Case No. 5:15-cv-00162, 2016 WL 1039521, at *2 (E.D. Ark., Feb. 25, 2016), report and recommendation adopted by, 2016 WL 1047369 (E.D. Ark., March 15, 2016) ("*Martinez* does not apply in this case because Petitioner did not file a Rule 37 petition.").

II.    Fourth Amendment Claim

Petitioner's second claim challenges the state court's denial of his motion to suppress.

6

This was his sole argument on direct appeal; thus, the claim has been fully litigated in state court, resulting in the Arkansas Court of Appeals upholding the trial court's denial of the suppression motion.

As a matter of law, Petitioner's Fourth Amendment claim fails. In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482. Instead, a habeas petitioner must show he was denied a "full and fair opportunity to litigate his claim" by demonstrating the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation ... [or] provided a corrective mechanism, but was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994)). Thus, the inquiry focuses on whether Petitioner "received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." *Id.*

Here, Petitioner had the opportunity to fully litigate his claim in state court. He appealed the trial court's decision to deny his motion to suppress, and the Arkansas Court of Appeals upheld the trial court. Thus, Petitioner unquestionably had the opportunity to present his claim. Accordingly, because Petitioner's Fourth Amendment

7

challenge is not cognizable in this federal habeas action, the Court recommends it be denied and dismissed, with prejudice.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

IT IS THEREFORE RECOMENDED the Amended Petition for Writ of Habeas Corpus, Doc. No. 3, be denied and this habeas case be dismissed, with prejudice. IT IS FURTHER RECOMMENDED a certificate of appealability be denied pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

SO ORDERED THIS 16th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE